Opinion by
Mr. Justice Hall.
*232 The parties appear here in reverse order of their appearance in the trial court. We refer to plaintiffs in error as mortgagors or by name, and to the defendants in error as mortgagees.
On August 16, 1961, the mortgagees commenced proceedings through the public trustee for the foreclosure of a deed of trust executed by Hester to secure the payment of her note on which there was then due an unpaid balance of some $7000.00. Proceedings were commenced by the filing of notice of election to foreclosure and publication of notice of sale as provided in the deed of trust.
On the same day the foreclosure proceedings were commenced, the mortgagees commenced this action wherein they sought the appointment of a receiver to take possession of and preserve the mortgaged property; also to collect the rents therefrom during the period of foreclosure.
On September 13, 1961, Hester entered her appearance in the trial court and filed what is labeled “MOTION OF ESSIE J. HESTER TO ALLOW CONFESSION OF JUDGMENT.” In this motion Hester points out that the mortgagees in their complaint allege:
“That the amount in controversy herein does not exceed the sum of two thousand (2000.00) dollars * * *.” and she then states that the mortgagees:
“* * * by submitting to the jurisdiction of this Court, * * * acknowledge the amounts to be due on the note to be not more than Two Thousand (2000.00) Dollars.”
At the same time Hester filed a document labeled “CONFESSION OF JUDGMENT OF ESSIE J. HESTER.” In this document she confesses a receiver should be appointed:
“ * * * to take possession of the note and deed of trust * * *; * * * and upon payment of all amounts due on the judgment herein confessed [$2000.00] together with costs to cancel said note and deed of trust * * *.”
*233 From the record it appears that on September 13, 1961, Hester and her attorney appeared in court, whereupon in the absence of the mortgagees the following order was entered:
“* * * thereupon comes the hearing on the defendant’s [Hester’s] motion to Allow Confession of Judgment, * * * that said written motion and Order be, and the same is hereby denied.”
On September 21, 1961, with all parties (except Kistler, who did not appear in the trial court and does not appear here) present, hearing was had on the mortgagees’ application for the appointment of a receiver. At the close of the testimony and arguments the following appears in the record:
“THE COURT: All right. The Court will grant the motion [application] of the Plaintiff for the appointment of a receiver.
“THE COURT: The defendant [Hester] has asked for a stay on the appointment of the receiver. I’ll grant a stay, but not to exceed 10 days.”
The foregoing is the sum total of rulings made by the trial court.
Hester is here by writ of error contending:
1. That the court should have granted the request for entry of judgment for $2000.00 and on payment thereof cancelled the note and deed of trust; or
2. Failing to enter such judgment, determine that the Superior Court was without authority to appoint a receiver.
Hester’s offer to confess judgment for $2000.00 cannot be considered as a responsive pleading to an application for the appointment of a receiver to collect rents and look after property subject to foreclosure proceedings under the provisions of a deed of trust. To offer to confess judgment for $2000.00 was conditioned upon surrender and cancellation of a secured indebtedness of some $7000.00 in process of foreclosure by the *234 public trustee. We find no error in the trial court’s refusal to grant this manifestly impossible request.
Counsels’ second contention that the court was without jurisdiction to appoint a receiver need not be considered or determined and we express no opinion on that question.
No receiver was appointed. Counsel for Hester requested “a stay on the appointment of the receiver.” This request was granted.
There is nothing here to review. The application for the appointment of a receiver is still pending. There is no judgment. The pronouncement of the trial judge that:
“The Court will grant the motion of the Plaintiff for the appointment of a receiver” is not a final disposition of the application and is not subject to review. See, Carroll v. Fitzsimmons, 150 Colo. 172, 371 P. (2d) 441, and cases therein referred to.
The writ of error is dismissed without prejudice to the right of any party to pursue further appropriate proceedings in the trial court and this court.